UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:07-11-KKC

MARK B.,
by and through his guardian Denise Thomas,                                        PLAINTIFF,

vs.                                    **OPINION AND ORDER**

ERNIE FLETCHER, *in his Individual and Official Capacity*
*as Governor of the Commonwealth of Kentucky,*
MARK D. BIRDWHISTELL, *in his Individual and Official Capacity*
*as Secretary of the Cabinet for Health and Family Services,*
JOHN M. BURT, *in his Individual and Official Capacity*
*as Commissioner of the Dept. for Mental Health and Mental*
*Retardation Services,* LINDA HARNEY, *in her Individual and*
*Official Capacity as Deputy Commissioner of the Dept. for*
*Mental Health and Mental Retardation Services,*
OAKWOOD COMMUNITY CENTER, *d/b/a The Communities at Oakwood,*
JACQUELINE BOUYEA, ROBERT RITZ, and
LIBERTY HEALTHCARE CORPORATION,                                               DEFENDANTS.

\* \* \* \* \* \* \* \*

This matter is before the Court on a Motion to Dismiss [Rec. No. 12] filed by the Defendants, Ernie L. Fletcher ("Fletcher"), Mark D. Birdwhistell ("Birdwhistell"), John M. Burt ("Burt"), Linda Harney ("Harney"), and The Communities at Oakwood ("Oakwood"). For the reasons stated below, the Court GRANTS the Motion.

**I. BACKGROUND FACTS**

On February 1, 2007, the Plaintiff, Mark B., by and through his legal guardian, Denise Thomas ("Plaintiff"), filed a Complaint against the Defendants pursuant to 42 U.S.C. § 1983 alleging that the Plaintiff suffered severe physical abuse while in state care at Oakwood. [Rec. No. 1, Complaint, pg. 3]. The Plaintiff suffers from severe mental retardation and other

debilitating disorders. Oakwood is a state-owned and operated residential treatment facility where the Plaintiff resided. The Complaint alleges that the Defendants failed to protect the Plaintiff from repeated assaults, injuries, and failed to provide adequate medical care. *Id*.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed. . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Beto*, 405 U.S. 319, 322 (1972)(citation omitted). "[T]he factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (*quoting Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)).

## III. ANALYSIS

As grounds for the Motion to Dismiss, Defendants argue that the Eleventh Amendment prohibits the Plaintiff from bringing a claim against the Defendants in their official capacities for money damages and the Plaintiff fails to state a claim pursuant to § 1983.

### A. Eleventh Amendment Immunity

The Plaintiff brings this action against the Defendants, Fletcher, Birdwhistell, Burt, and Harney in their official capacities as well as their individual capacities. The Plaintiff does not seek injunctive relief, only money damages.

The Eleventh Amendment bars suits against the State for alleged deprivations of civil liberties unless the State has waived its immunity. *Will v. Michigan Dept. of State Police*, 491

U.S. 58, 66 (1989). "This bar against suit also extends to state officials acting in their official capacities." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). "[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Quern v. Jordan*, 440 U.S. 332, 338 (1979). Thus, the Plaintiffs claims against Defendants, Fletcher, Birdwhistell, Burt, and Harney in their official capacities are barred by the Eleventh Amendment. *See also Hutsell*, 5 F.3d at 1003 ("[T]he state is not considered a "person" under § 1983."). However, the Eleventh Amendment provides no immunity for Plaintiff's claims against the Defendants in their individual capacities. *Hutsell*, 5 F.3d at 1003.

### B. Section 1983 Claims

The Defendants argue that Plaintiff's § 1983 claims fail to state a claim upon which relief can be granted because the Plaintiff fails to allege any direct involvement on the part of the Defendants in causing Plaintiff's injuries.

In the Complaint, the Plaintiff alleges that the Defendants, who were responsible for the health and well-being of disabled persons in their care, failed to protect the Plaintiff from assaults and injuries and failed to provide adequate medical treatment. [Rec. No. 1, Complaint, pg. 3]. Fletcher, as Governor of the Commonwealth of Kentucky, has the ultimate responsibility for the operation of Oakwood. *Id*. at 4. Defendants, Birdwhistell, Burt, and Harney have the responsibility of overseeing Oakwood due to their respective official positions. *Id*. 4-5. Plaintiff alleges that Defendants failed to "uncover the abuse," continued to allow the Plaintiff to reside in an environment in which he experienced repeated abuse, ignored the abuse, and/or failed to investigate and take remedial measures. *Id*. at 6. Furthermore, the Plaintiff alleges that the

Defendants failed in their duty to supervise and provide training to employees regarding the handling of abuse. *Id*. at 9. Plaintiff argues that the Defendants had knowledge of the abuse and "acquiesced in the continuation of the unlawful and unconstitutional conditions." [Rec. No. 26, Response, pg. 6].

The Plaintiff is not alleging that Defendants, Fletcher, Birdwhistell, Burt, and Harney actually committed the abuse, instead, the allegation is that they were responsible for the individuals who committed the abuse. [Rec. No. 1, Complaint]. "Where a plaintiff seeks to hold someone individually liable for constitutional injury directly caused by someone else, the court must apply standards regarding supervisory liability." *Clark v. Kentucky*, 229 F.Supp.2d 718, 723 (E.D.Ky. 2002).

The Sixth Circuit has held that "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The right to control employees, or respondeat superior, is not enough to establish § 1983 liability. *Id*. "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). A knowledge of the alleged violations and a subsequent failure to act does not constitute an acquiescence of the unconstitutional conduct. *Shehee*, 199 F.3d at 300.

The Plaintiff has merely alleged that the Defendants, Fletcher, Birdwhistell, Burt, and Harney acted in a supervisory capacity and had knowledge of the abuse yet failed to act. "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee*, 199 F.3d at 300. The Plaintiff has failed to state sufficient

facts to show that the Defendants engaged in active unconstitutional behavior. Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed if the plaintiff can prove no set of facts which would entitle him or her to relief. *Cruz*, 405 U.S. at 322. The Plaintiff simply cannot maintain a § 1983 claim based simply upon respondeat superior. *Shehee*, 199 F.3d at 300.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Defendants' Motion to Dismiss [Rec. No. 12] is **GRANTED**.

This the 7th day of June, 2007.

Signed By:

*Karen K. Caldwell*  KKC

United States District Judge